Babak Hashemi, Esq. (State Bar No. 263494)
**LAW OFFICES OF BABAK HASHEMI, ESQ.**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel.: (949) 464-8529
Fax: (949) 259-4584
BabakHashemiLaw@gmail.com

Attorneys for Plaintiffs
JAMES RUTHERFORD, and
THE ASSOCIATION 4 EQUAL ACCESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY INNS, ST. LOUIS LTD, a California limited liability company, dba, QUALITY INN Lake Forest; HO TIMES, INC, a California Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.*<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |

Plaintiffs, JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs"), complain of Defendants QUALITY INNS, ST. LOUIS LTD, a California limited liability company, d/b/a, QUALITY INN Lake Forest; HO TIMES, INC., a California Corporation, and DOES 1-10 ("Defendants") and alleges as follows:

# PARTIES:

1. Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair. Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles. At the time of Plaintiff's visit(s) to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.

3. Plaintiff JAMES RUTHERFORD is a member of A4EA.

4. Plaintiff JAMES RUTHERFORD personally visited the Defendants' facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Specifically, JAMES RUTHERFORD desired to visit the Subject Property as a potential consumer, but experienced difficulty due to Defendants' failure to provide access to the parking lot and access to various amenities within the facility as alleged herein.

5. Defendant HO TIMES, INC, a California Corporation, owned the Subject Property located at 23702 Rockfield Blvd., Lake Forest, California 92630 ("Subject Property") in July of 2017.

6. Defendant HO TIMES, INC, a California Corporation, currently owns the Subject Property where QUALITY INNS, ST. LOUIS LTD, a California limited liability company, d/b/a, QUALITY INN Lake Forest ("Business") is located.

7. Defendant QUALITY INNS, ST. LOUIS LTD, a California limited liability company, d/b/a, QUALITY INN Lake Forest, owned, operated and controlled the Business located at 23702 Rockfield Blvd., Lake Forest, California 92630 in July of 2017.

8. Defendant QUALITY INNS, ST. LOUIS LTD, a California limited liability company, d/b/a, QUALITY INN Lake Forest, currently owns, operates and controls the Business located on the Subject Property.

9. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

11. This court has supplemental jurisdiction over Plaintiffs' non-federal claims pursuant to 28 U.S.C. § 1367, the Unruh Civil Rights Act (the "UCRA"), because Plaintiff's UCRA claims are so related to Plaintiffs' federal ADA

claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiffs' Claims arose in this district.

## FACTUAL ALLEGATIONS

13. On or about July 12, 2017, and again on July 26, 2017, Plaintiff, JAMES RUTHERFORD visited the Business as a patron looking for a place to stay that evening and prospective place to stay with his disabled fiancé.

14. The Business is a facility open to the public, a place of public accommodation, and a business establishment.

15. Parking spaces are one of the facilities, privileges and advantages reserved by Defendants to persons at the property serving the Business.

16. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") in July of 2017.

17. The Subject Property lacks disabled accessible parking in the parking lot at the entrance to the restaurant connected to the Business; furthermore, (1) there is no clearly identifiable van accessible parking space near the hotel entrance (section 208.2.4); (2) there is no disabled accessible or disabled van accessible parking signage near the Business' entrance (section 502.6); (3) the slope of the ramp connecting the parking lot to the main entrance exceeds 10.9% in violation of section 405.2; (4) the automatic door closer at the Business' main hotel entrance is not properly adjusted (*Door closers and gate closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds minimum*)

because the time required to move the door to a position of 12 degrees from the latch is more than 5 seconds (section 404.2.8.1); (5) the counter height located in the lobby, designated for sales and service is in excess of 36 inches (904.4.1); (6) there is no clearly marked accessible route from the parking area to the entrance ramp; (7) there is no marked accessible route connecting the swimming pool to the hotel (section 206.2.2); and, (8) there is no close accessible route connecting the parking area outside of the restaurant attached to the Business (section 206.2.2).

18. Plaintiffs are informed and believe, and based there on allege, currently, there are no compliant, accessible parking spaces, access routes, service counters, or entrance doors designed and/or reserved for persons with disabilities at the Business.

19. Plaintiffs are informed and believe, and based thereon allege, Defendants had no policy or plan in place to make sure that accessible parking spaces, access routes, service counters, and/or entrance doors designed for persons with disabilities were compliant prior to July of 2017.

20. Plaintiffs are informed and believe, and based thereon allege, Defendants have no policy or plan in place to make sure that accessible parking spaces, access routes, service counters, and/or entrance doors designed for persons with disabilities remain compliant currently.

21. The slop of the ramp connecting the parking lot to the main entrance of the Business exceeds the maximum slop allowed by law and represents a trip, fall and/or tip-over hazards when attempting to access the Business and Subject Property

22. Plaintiff, JAMES RUTHERFORD personally encountered these barriers which represent a trip, fall and/or tip-over hazards when attempting to access the Business and Subject Property.  This inaccessible condition denied this Plaintiff full and equal access and caused him difficulty, humiliation and frustration.

23. Members of the A4EA with mobility disabilities who at times are dependent upon a wheelchair or other mobility devices, have a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

24. Plaintiff JAMES RUTHERFORD is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

25. The aforementioned barriers continue to deter Plaintiff JAME RUTHERFORD from use of the Subject Property and Business; these barriers will further deter him and members of the A4EA from returning to the Subject Property.

26. Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, removal of these barriers are readily achievable. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra* at paragraphs 30 and 31, Plaintiffs assert there are additional ADA violations which affect JAMES RUTHERFORD and A4EA members personally.

29. Plaintiff JAMES RUTHERFORD is and has been deterred from returning and patronizing the Business and accompanying Subject Real Property because of his knowledge of the illegal barriers that exist. Members of the A4EA will also be deterred from patronizing the Business and the accompanying Subject

Property for the same reasons alleged herein. Plaintiffs will, nonetheless, return to assess ongoing compliance with the ADA and to patronize the business as customer(s) once the barriers are removed.

30. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability. Plaintiffs seek to have all barriers related to their disabilities remedied. Plaintiffs will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once they conduct a site inspection.[1]

31. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) Defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an accident because had the Defendants intended any other configuration, they had the means and ability to make the change.

# FIRST CLAIM

# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

32. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

33. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

---

[1] However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them)

34. Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers which such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.

36. Here, in addition to lacking appropriate signage near the Business entrance, failing to provide an accessible rout to the restaurant, and defective door closers, the access ramp exceeds the maximum slop permitted. The Standards further require that ramp slops, such as the one connecting the parking lot to the Business, do not exceed a maximum slope of 8.3%.

37. The failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

38. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

39. Given its location and options, Plaintiffs will continue to desire to patronize the Subject Business but have been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CLAIM FOR

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

40. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

41. California Civil Code § 51 *et seq.*, the UCRA, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

42. Because Defendants violate Plaintiffs' rights under the ADA, they also violated the UCRA and are liable for damages. (Civ. Code § 51(f),52(a).) These violations are ongoing.

43. Plaintiffs are informed and believe, and based thereon allege, Defendants' actions constitute intentional discrimination against Plaintiffs on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been previously put on actual notice that its premises is inaccessible to Plaintiffs. Despite this knowledge, Defendants maintain their premises in an inaccessible form, and Defendants have failed to take actions to

correct these barriers.

44. Because the violation of the UCRA resulted in difficult, discomfort or embarrassment for the individual Plaintiff, Defendants are also responsible for statutory damages, i.e. a civil penalty. (Civ. Code § 55.56(a)-(c).)

///
///
///
///
///
///
///
///

# PRAYER

**WHEREFORE, Plaintiffs pray that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Subject Business associated the Subject real Property; *Note*: Plaintiffs are not invoking section 55 of the California Civil Code and are not seeking injunctive relief under the Disable Persons Act at all.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

# DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: August 15, 2017        **LAW OFFICES OF BABAK HASHEMI, ESQ.**

By:     /s/ *Babak Hashemi*
          Babak Hashemi, Esq.
          Attorney for Plaintiffs